UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**MALIBU MEDIA, LLC,**

        **Plaintiff,**

v.                                                  1:19-CV-950 (NAM/ML)

**JANE DOE,**

        **Defendant.**

---

**APPEARANCES:**

Kevin T. Conway, Esq.
80 Red Schoolhouse Rd., Suite 110
Spring Valley, NY 10977
*Attorney for Plaintiff*

Timothy S. Brennan, Esq.
300 Great Oaks Blvd., Suite 315
Albany, NY 12203
*Attorney for Defendant*

**Hon. Norman A. Mordue, Senior United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Malibu Media, LLC ("Malibu Media") brings this action against Defendant Jane Doe ("Defendant") alleging direct copyright infringement under the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). (Dkt. Nos. 1, 11). Defendant now moves under Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for failure to state a claim. (Dkt. No. 17). Plaintiff opposes the motion, and Defendant has replied. (Dkt. Nos. 19, 20). For the reasons that follow, Defendant's motion is granted.

**II.     BACKGROUND**[1]

Malibu Media, an entertainment company that produces pornographic movies, initiated this copyright infringement action alleging that Defendant unlawfully downloaded and distributed its copyrighted adult films using BitTorrent, a "peer-to-peer file sharing system[] used for distributing large amounts of data, including . . . digital movie files." (*See* Dkt. No. 11, ¶¶ 8–16). Specifically, Malibu Media alleges that Defendant "is a habitual and persistent BitTorrent user and copyright infringer," who is responsible for illegally downloading, copying and distributing seven of Malibu Media's copyrighted adult films between May 17, 2019 and July 5, 2019. (*Id.*, ¶¶ 17–25; *see also* Dkt. No. 11-1). Malibu Media claims that it detected Defendant's alleged illegal activity through its "consulting expert," who "established a direct [Transmission Control Protocol ("TCP")/Internet Protocol ("IP")] connection with the Defendant who was using the Subject IP Address . . . ." (*Id.*, ¶ 17). Malibu Media alleges that its consulting expert "downloaded from Defendant one or more pieces of each of the digital media files" identified in the Amended Complaint, which "correlate[] to a copyrighted film owned by Plaintiff." (*Id.*, ¶¶ 18–22). Malibu Media claims that Defendant's alleged illegal downloading and sharing of its copyrighted movies violated the Copyright Act. (*Id.*, ¶¶ 29–34).

The Court granted Malibu Media's motion to serve a third-party subpoena prior to a Rule 26(f) conference so it could identify the individual internet subscriber associated with the IP address cited in the initial complaint. (*See* Dkt. No. 6). After receiving that information, Malibu Media amended its initial complaint to identify Defendant as the alleged infringer. (*See* Dkt. No. 11).

---

[1] The facts are taken from Plaintiff's Amended Complaint (Dkt. No. 11) and are assumed to be true for the purposes of this decision. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

### III. STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). In considering a motion to dismiss under Rule 12(b)(6), the court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable, L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

### IV. DISCUSSION

"To state a claim for copyright infringement, a plaintiff must allege 'both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.'" *Spinelli v. NFL*, 903 F.3d 185, 197 (2d Cir. 2018) (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001)).

Defendant contends that the Amended Complaint should be dismissed because Malibu Media has failed to provide sufficient facts to draw a plausible connection between her, as the internet subscriber, and the alleged copyright infringement activity. (Dkt. No. 17-2, pp. 13–20). Defendant asserts that "[t]he primary defect to [Malibu Media's] complaint is the fact that it stops well short of pleading that defendant herself was the actual infringer." (Dkt. No. 20, p. 6). According to Defendant, "[a] plain review of the pleading in this case establishes that the entire theory of liability is premised on the speculative notion that the subscriber was the

3

infringer," but "an IP Address can be used by any number of different devices and any number of people." (*Id.*, pp. 7–8). Defendant thus claims that without additional allegations connecting Defendant to the alleged infringement, "it is evident that the entire case is premised upon no more than speculation." (*Id.*, p. 9).

In response, Malibu Media contends that Defendant's arguments are premature because it is not required to prove that Defendant was the particular infringer at the pleading stage. (Dkt. No. 19, pp. 15–17). Malibu Media claims that "[i]t is plausible that Defendant is the infringer because the Amended Complaint states that Defendant infringed seven times over approximately two months." (*Id.*, p. 13). Malibu Media asserts that "[b]ecause of the length and volume of the infringement, it is not likely the infringer was a guest or passerby, but instead someone in Defendant's household," and "as the Internet subscriber, [Defendant] is most likely the one who infringed the works." (*Id.*). Malibu Media claims that its "allegations demonstrate a pattern of observed infringement by the Defendant subscriber and the frequency of the infringements over a lengthy time period[] show that it is plausible the Defendant did indeed infringe [Malibu Media's] copyrights." (*Id.*, p. 16).

Defendant's motion to dismiss relies heavily on *Cobbler Nevada LLC v. Gonzales*, in which the Ninth Circuit held that a defendant's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer." 901 F.3d 1142, 1145 (9th Cir. 2018) ("*Cobbler Nevada*"). In that case, a copyright holder brought suit against an internet subscriber linked to an IP address that had allegedly illegally downloaded one of the copyright holder's films without authorization. *Id.* at 1145. The court found that those facts presented "a situation 'where a complaint pleads facts that are merely consistent with a defendant's liability, stopping short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1147 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Specifically, the court explained that:

> Although copyright owners can often trace infringement of copyrighted material to an IP address, it is not always easy to pinpoint the particular individual or device engaged in the infringement. Internet providers, such as Comcast or AT&T, can go so far as to identify the individual who is registered to a particular IP address (i.e., an account holder) and the physical address associated with the account, but that connection does not mean that the internet subscriber is also the infringer. The reasons are obvious—simply establishing an account does not mean the subscriber is even accessing the internet, and multiple devices can access the internet under the same IP address. Identifying an infringer becomes even more difficult in instances like this one, where numerous people live in and visit a facility that uses the same internet service. While we recognize this obstacle to naming the correct defendant, this complication does not change the plaintiff's burden to plead factual allegations that create a reasonable inference that the defendant is the infringer.

*Id.*, at 1146–47. Notably, the Second Circuit has not addressed this specific issue, and even after the decision in *Cobbler Nevada*, district courts remain divided as to whether identifying an internet subscriber is sufficient to state an infringement claim. *Compare Malibu Media, LLC v. Peled*, No. 18-CV-141, 2020 WL 831072, at *3–6, 2020 U.S. Dist. LEXIS 28768, at *6–16 (D.N.J. Feb. 20, 2020) (collecting cases and agreeing that a plaintiff's mere identification of an internet subscriber linked to an allegedly infringing IP address is insufficient to state a cause of action for copyright infringement), *with Malibu Media, LLC v. Palella*, No. 18-CV-3041, 2019 WL 1584556, at *2–3, 2019 U.S. Dist. LEXIS 62974, at *4–8 (N.D. Ill. Apr. 12, 2019) (collecting cases and finding "identification of an IP address account holder sufficient to name a defendant for pleading purposes").

The Court agrees with the reasoning in *Cobbler Nevada* and finds that Malibu Media has failed to state a claim against Defendant that rises above the speculative level. Ultimately, Malibu Media's claim rests on the assumption that Defendant was the infringer simply because she is the registered internet subscriber of the IP address which allegedly downloaded and shared copyrighted materials. (Dkt. No. 19, pp. 13–17). In other words, this case presents precisely the same scenario as *Cobbler Nevada*, where the plaintiff only named the defendant

5

based on their status as the internet subscriber, and otherwise failed to allege any other facts that could plausibly link the defendant to the actual infringement.  *See Cobbler Nevada*, 901 F.3d at 1146.  As that court put it, "simply establishing an account does not mean the subscriber is even accessing the internet, and multiple devices can access the internet under the same IP address." *Id*.  Thus, even assuming that Defendant established an internet account with an IP address which was used to download and share Malibu Media's copyrighted materials, that connection is simply not enough to plausibly infer that she was the infringer.

Malibu Media's additional allegations also fail to push their claim across the line.  Although Malibu Media alleges that Defendant resides at the location where the IP address was traced, there is no other information about who else lives there that might have accessed the internet account.  The Court also finds dubious Malibu Media's argument that the "length and volume of the infringement" indicates that "Defendant, as the Internet subscriber, is *most likely* the one who infringed the works." (*See* Dkt. No. 19, p. 13 (emphasis added)).  Indeed, this theory admits the speculative nature of Malibu Media's allegations.[2]  As the *Cobbler Nevada* decision recognized, there are any number of possibilities for who could be using an IP address and how often, particularly with the profusion of mobile devices today, and depending on the living situation and the secured or unsecured nature of the network.

In sum, Malibu Media's claim rests solely on the unfounded assumption that Defendant *must be* the infringer because she is the internet subscriber.  But that theory simply does not pass muster, especially where the Amended Complaint does not allege any direct investigation of Defendant herself, nor does it allege that Defendant "acknowledged personal involvement in

---

[2] Moreover, it appears here that Malibu Media knows far less about the circumstances at Defendant's alleged residence than was known in *Cobbler*.  *See* 901 F.3d at 1145 (noting that the available evidence in that case showed that the defendant-subscriber operated an adult foster care home, where the internet associated with the subject IP address was accessible to numerous residents and visitors).

any download or distribution, that Defendant had exclusive access to the alleged infringing IP address, or any circumstances which might increase the likelihood that the subscriber is the infringer (such as defendant's living arrangements or network details)." *See Malibu Media, LLC v. Duncan*, No. 19-CV-2314, 2020 WL 567105, at *6, 2020 U.S. Dist. LEXIS 20905, at *10–15 (S.D. Tex. Feb. 4, 2020) (holding that the defendant's mere status as the internet subscriber was insufficient to allege defendant's direct involvement in the illegal downloading); *cf. Malibu Media, LLC v. Doe*, No. 18-CV-450, 2019 WL 8301066, at *2, 2019 U.S. Dist. LEXIS 94433, at *3–6 (N.D. Ill. June 5, 2019) (finding that plaintiff's allegations were sufficient to state a claim where the amended complaint added factual allegations that the pattern of alleged illegal infringement took place for over two years, the defendant had a background in computer science, and he was the lone adult male at the residence during the period in question).

Therefore, without more facts tying Defendant directly to the alleged copyright infringement, Malibu Media has not stated a plausible claim. Accordingly, Defendant's motion to dismissed is granted. *See Malibu Media v. Doe*, No. 18-CV-450, 2018 WL 6446404, at *2–3, 2018 U.S. Dist. LEXIS 207655, at *5–9 (N.D. Ill. Dec. 10, 2018) ("Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement." (citation omitted)); *see also Elf-Man, LLC v. Cariveau*, No. 13-CV-507, 2014 WL 202096, at *2, 2014 U.S. Dist. LEXIS 6453, at *6–8 (W.D. Wash. Jan. 17, 2014) (dismissing the plaintiff's direct copyright infringement claim where "[r]ather than provide specific facts tying the named defendant to the infringing conduct, plaintiff merely alleges that her IP address 'was observed infringing Plaintiff's motion picture' and guesses how that might have come about").[3]

---

[3] The Court finds that Defendant's request to proceed anonymously in this action is reasonable under the circumstances. Malibu Media does not oppose Defendant's request. (*See* Dkt. No. 19, pp. 7–8).

7

V.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff may further amend its pleading within **THIRTY (30) days of this Order**, in accordance with the conclusions stated above; and it is further

**ORDERED** that if Plaintiff fails to further amend within thirty days of this Order, the Amended Complaint shall be dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to amend the caption in this case to identify Defendant as Jane Doe; and it is further

**ORDERED** that the Clerk of the Court is directed to provide a copy of this Memorandum-Decision and Order to the parties in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated:  August 7, 2020
        Syracuse, New York

*[signature]*
Norman A. Mordue
Senior U.S. District Judge

---

Therefore, should Malibu Media wish to amend its claim, Defendant shall be permitted to proceed anonymously.