**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**MALIBU MEDIA, LLC,**

            Plaintiff,

v.                                             1:19-CV-950 (NAM/ML)

**JANE DOE,**

            Defendant.

**APPEARANCES:**

Kevin T. Conway, Esq.
80 Red Schoolhouse Rd., Suite 110
Spring Valley, NY 10977
*Attorney for Plaintiff*

Timothy S. Brennan, Esq.
300 Great Oaks Blvd., Suite 315
Albany, NY 12203
*Attorney for Defendant*

**Hon. Norman A. Mordue, Senior United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.  INTRODUCTION**

      Plaintiff Malibu Media, LLC ("Malibu Media") brought an unsuccessful action against Defendant Jane Doe ("Defendant") alleging direct copyright infringement under the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). (Dkt. Nos. 1, 11, 21, 22). Defendant now moves for an award of attorney's fees pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d)(1), (2). (Dkt. No. 24). Malibu Media opposes the motion. (Dkt. No. 25). For the reasons that follow, Defendant's motion is denied.

## II.     BACKGROUND

Malibu Media, an entertainment company that produces pornographic movies, initiated this copyright infringement action alleging that Defendant unlawfully downloaded and distributed its copyrighted adult films using BitTorrent, a "peer-to-peer file sharing system[] used for distributing large amounts of data, including . . . digital movie files." (*See* Dkt. No. 11, ¶¶ 8–16). Specifically, Malibu Media alleged that Defendant "is a habitual and persistent BitTorrent user and copyright infringer," who is responsible for illegally downloading, copying and distributing seven of Malibu Media's copyrighted adult films between May 17, 2019 and July 5, 2019. (*Id.*, ¶¶ 17–25; *see also* Dkt. No. 11-1).

Defendant moved to dismiss the amended complaint on the basis that Malibu Media's allegations failed to state a plausible infringement claim where the only connection between Defendant and the alleged conduct was her role as the internet subscriber. (*See generally* Dkt. No. 17-2). The Court agreed and dismissed Malibu Media's complaint with leave to amend within 30 days. (Dkt. No. 21). When Malibu Media failed to do so, the Court dismissed the amended complaint with prejudice. (Dkt. No. 22).

## III.    DISCUSSION

Defendant seeks to recover legal fees as the prevailing party since it was successful in moving to dismiss Malibu Media's Complaint. (Dkt. No. 24). Defendant claims that "an award of attorney's fees is necessary when considering plaintiff's motivation and objective unreasonableness in bringing the action." (*Id.*, p. 6). Defendant contends that Malibu Media is a "prolific copy[right] litigant and it is in the interest of deterrence to award attorney's fees for frivolous and speculative claims such as this." (*Id.*, pp. 6–7). Defendant asserts that Malibu Media's litigation strategy of coercing quick settlements without valid foundation for their

claims exploits the litigation process and amounts to "copyright trolling." (*Id.*, pp. 7–10). Defendants reference a panoply of cases in which courts from across the country have excoriated Malibu Media's litigation tactics as a "copyright-enforcement business model," which has been described as "essentially an extortion scheme" designed "to achieve prompt settlements from defendants afraid to defend allegations against them given the sensitive nature of the materials." (*Id.*, pp. 8–11).

In response, Malibu Media claims that they operate a "wildly popular subscription-based website," and that its claim against Defendant was only to "vindicate its rights as a copyright owner and prevent unauthorized copying and distribution of its [ ] protected works." (Dkt. No. 25, pp. 4, 11). Malibu Media argues that "[t]he fact that this Court determined that an IP address alone could not identify an actual infringer does not make Malibu's position objectively unreasonable at the outset," and that "an award of fees to Defendant will frustrate the purposes of the Copyright Act by encouraging the widespread infringement of copyrights online through peer to peer file sharing platforms." (*Id.*, p. 13). Malibu Media asserts that "there are no facts before the Court that support a finding that [it] was motivated by improper ends or that it brought anything other than what it believed to be a legitimate, good faith copyright claim." (*Id.*, p. 14).

The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "Fee awards, however, are not 'automatic' or given 'as a matter of course.'" *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 39–40 (S.D.N.Y. 2015) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)). Indeed, "[a]n award of attorney's fees and costs . . . lies within

the sole and rather broad discretion of the Court." *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006). When exercising their discretion, "courts look to a non-exhaustive list of factors including frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Reilly v. Plot Com.*, No. 15-CV-5118, 2016 WL 6837895, at *12, 2016 U.S. Dist. LEXIS 152154, at *35–36 (S.D.N.Y. Oct. 31, 2016) (internal quotation and citations omitted). Accordingly, Section 505 "grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1985 (2016).

There is certainly some merit to the chorus of criticism directed at Malibu Media by courts across the country. Here, Malibu Media appears to find it more convenient to abandon its supposedly "legitimate" infringement claim rather than pursue it to vindication through the litigation process. Indeed, it could be inferred that Malibu Media declined to expend further resources and amend the Complaint after it became clear that Defendant would not simply roll over and agree to a quick settlement. Despite its objections to the contrary, Malibu Media's action in this case appears consistent with many of the accusations levied against it by other courts, especially as it relates to strong-arming nuisance settlements under the threat of embarrassing litigation.

Nevertheless, the Court finds that there is insufficient basis to award attorney's fees in this case. Notably, district courts are split as to whether a copyright infringement claim may withstand a motion to dismiss where the plaintiff identifies the alleged infringer based solely on the defendant's status as the internet subscriber associated with a particular IP address.[1] And

---

[1] *Compare Malibu Media, LLC v. Duncan*, No. 19-CV-2314, 2020 WL 567105, 2020 U.S. Dist. LEXIS 20905 (S.D. Tx. Feb. 4, 2020) (granting motion to dismiss by subscriber to ISP account associated with

because neither the Supreme Court nor the Second Circuit have addressed the issue, the Court cannot conclude that Malibu Media's infringement claim was frivolous or objectively unreasonable. Moreover, there is no direct evidence in the record to support Defendant's accusation that Malibu Media brought this action in bad faith.

In sum, after careful review of the record, the Court cannot conclude that Malibu Media's infringement claim was frivolous, ill-motivated, or objectively unreasonable. Therefore, Defendant's motion for attorney's fees is denied.

### IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion for attorney's fees (Dkt. No. 24) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to provide a copy of this Memorandum-Decision and Order to the parties in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated: October 13, 2020
     Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

---

IP address used for infringing activity); *and Malibu Media, LLC v. Doe*, No. 18-CV-1369, 2020 WL 4719219, 2020 U.S. Dist. LEXIS 145263 (D. Conn. Aug. 13, 2020) (denying default judgment and finding that infringer liability cannot be premised on a defendant's mere status as the internet subscriber); *with Malibu Media, LLC v. Doe*, No. 18-CV-1509, 2019 WL 4093468, 2019 U.S. Dist. LEXIS 147726 (D. Conn. Aug. 29, 2019) (finding that identification of a defendant based on an IP address is sufficient to state an infringement claim); *and Malibu Media, LLC v. Palella*, No. 18-CV-3041, 2019 WL 1584556, 2019 U.S. Dist. LEXIS 62974 (N.D. Ill. Apr. 12, 2019) (same).